# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHARKHIAN, | CASE NO.    09-CV-01168-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| KEN CLARK, WARDEN, et al., | |
| Defendants. | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

_____/

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Steven Charkhian ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 7, 2009 and consented to Magistrate Judge jurisdiction on August 6, 2009.  He paid the filing fee and is not appearing in forma pauperis.  Plaintiff's Complaint is now before this Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to

1

state a claim upon which relief may be granted.

## II.   LEGAL STANDARD

A trial court may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6).  Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)).  Such a dismissal may be made without notice where the claimant cannot possibly win relief.  Omar, 813 F.2d at 991.  "A claim is legally frivolous when it lacks an arguable basis either in law or fact.  A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless."  Halajian v. The City of Fresno, 3069897 WL 2010, *1 (E.D.Cal. Aug. 5, 2010) (citations omitted).  See also Ingraham v. Lundrigan, 2942658 WL 2010, *1 (E.D.Cal. July 23, 2010).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff  alleges a violation of his right to adequate medical care and his right to be free from cruel and unusual punishment, both under the Eighth Amendment.  The events

giving rise to his complaints occurred between August 2006 and April 2008 when Plaintiff

was an inmate in the custody of the California Department of Correction and Rehabilitation

("CDCR").  Plaintiff names the following individuals as Defendants: Ken Clark, Warden of

California Substance Abuse Treatment Facility/State Prison ("CSATF"); T. Bzoskie, Chief

Medical Officer at CSATF; A. Enenmoh, Chief Medical Officer at CSATF; Zong, Medical

Doctor at CSATF; Salmi, Medical Doctor at CSATF; and O. Beregovskaya, Medical Doctor

at CSATF.

Plaintiff alleges as follows:  In August 2006, while being held in Centenela State

Prison, Plaintiff suffered  severe stomach pain as a result of being poisoned.  Plaintiff was

then moved to Solano State Prison and seen by a specialist.  On approximately September

10, 2006, he was transferred to Lancaster State Prison and then, on November 2, 2006,

to CSATF. Plaintiff was suffering severe pain in his left side, chronic constipation, and

symptoms of a hernia and ulcer.

Upon arrival at CSATF, Plaintiff explained his conditions to the nurse in receiving.

He was then sent to housing.  On November 6, 2006, Plaintiff submitted a medical care

request for help  with his pain.  No action was taken.  On November 20, 2006, Plaintiff was

in such pain that he could not leave his cell.  A week later, he received a response from

Defendant Bzoskie stating that he needed to submit another inmate grievance.  Plaintiff

re-submitted his grievance for review by the Warden.  The Warden denied Plaintiff's

grievance.

Plaintiff requested, and was denied, pain medication on December 8, 2006.  A nurse

told him to submit another medical request form in order to be seen by a doctor.  On

December 14, 2006, Plaintiff saw Defendant Dr. Salmi, who diagnosed him with heartburn

and constipation and ordered lab work.  At some point later, Plaintiff again asked to be seen by a doctor and requested a lower tier/lower bunk bed assignment as well as a stomach/back brace.  On February 2, 2007, Plaintiff again saw Dr. Salmi who ordered Plaintiff to take fiber tablets for his conditions.  Plaintiff informed the doctor that the tablets did not work.

On March 12, 2007, Plaintiff asked again to be seen by a doctor.  This request was denied.  Plaintiff was seen by Dr. Salmi on May 3, 2007 to discuss the results of blood work (which revealed high cholesterol).  On July 15, 2007, Plaintiff was in severe pain, fell to the ground, was carried to his bed, and received Tylenol for his pain.

During the months of July, August, and September 2007, Plaintiff initiated several pieces of correspondence and submitted multiple Inmate Request for Interview forms to the Warden and Chief Medical Officer.  No response was received.

On March 18, 2008, Plaintiff was in severe pain and saw Defendant Dr. Beregovskaya, who scheduled him for surgical hernia repair.  Surgery was done March 24, 2008.  Plaintiff was released from the hospital and returned to CSATF March 28, 2008. He  was assigned to a middle bunk bed in an upper tier; both assignments  caused him severe pain.   He requested pain medication and different housing and bed accommodations.

On April 9, 2008, the staples from his surgery were removed.

On April 17, 2008, in response to one of the multiple complaints filed by Plaintiff, Dr. Beregovskaya interviewed him and ordered pain medication and a lower bunk bed assignment.

Plaintiff has since been released from prison.  He claims that he has suffered and

will continue to suffer physical and emotional damages from the above events.  He requests monetary compensation and declaratory judgment.

### III.  ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff claims that the lack of, and/or the  delay in providing,  adequate medical treatment and his assignment to an upper tier/upper bunk bed violated his Eighth Amendment rights.  Specifically, Plaintiff argues that Defendant Clark failed to adequately supervise medical staff, that he knew or should have known that his conduct, or lack thereof, created an unreasonable risk of serious harm to Plaintiff and that he was deliberately indifferent to the risk posed to Plaintiff.  Plaintiff argues that Defendants Bzoskie and Enenmoh also failed to adequately supervise medical staff, failed to provide adequate medical care under CDCR's medical policies and procedures and that they knew or should have known of the risks created and yet were indifferent to those risks.  As to Defendants Zong, Salmi, and Beregovskaya, Plaintiff argues that they denied him adequate medical care, knew or should have known of the risks created, and were deliberately indifferent to them.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

### A.   **Eighth Amendment Claims**

Plaintiff claims that he received inadequate medical care and was subjected to cruel and unusual punishment through his assignment to an upper tier/upper bunk bed, all in violation of the Eighth Amendment.

### 1.   Medical Care Claim

Plaintiff alleges that Defendants failed to provide him with adequate medical care. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

6

1   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

2   cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

3   (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in

4   diagnosing or treating a medical condition does not state a valid claim of medical

5   mistreatment under the Eighth Amendment.  Medical malpractice does not become a

6   constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106;

7   see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974

8   F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence

9   is insufficient to establish deliberate indifference to serious medical needs.  See Wood v.

10  Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

11
12          Also, "a difference of opinion between a prisoner-patient and prison medical

13  authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon,

14  662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must

15  show that the course of treatment the doctors chose was medically unacceptable under

16  the circumstances . . . and . . . that they chose this course in conscious disregard of an

17  excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)

18  (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment

19  does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242

20  (9th Cir. 1989).

21
22          The attachments to Plaintiff's Complaint show that his treating physicians had a

23  difference of opinion with respect to the proper course of treatment for Plaintiff.  ("Director's

24  Level Appeal Decision," ECF No. 1, Att. B, January 22, 2008.)  On May 18, 2007, the

25  surgeon concluded that Plaintiff had a "small reducible bulge" and surgery was

recommended.  After further review on July 25, 2007, Defendant Dr. Zong determined that surgery was not necessary.  Plaintiff received medication and diagnostics.

Plaintiff apparently believes that the surgeon was correct, that surgery should have been the first option, and that the failure to perform such surgery violated his constitutional rights.

However, as noted above, when a plaintiff receives treatment but disagrees with the particular choice of treatment provided, he must show that the course chosen was medically unacceptable.  Here there is no such allegation; rather it appears from the entire complaint and its attachments that Plaintiff simply disagreed with the particular course of treatment followed.  He was diagnosed with and constantly treated for constipation and fecal impaction.  It was determined that his hernia was reducible without surgery.  When it became apparent that it was not, surgery was performed.

Having reviewed the entire Complaint, as well as the attachments, the Court finds that Plaintiff fails to allege anything more than a mere dissatisfaction with the treatment options chosen.  That is insufficient to state a claim.  The Court will grant Plaintiff leave to amend this claim so that, if there are true facts which might properly support such a claim, he may assert them.

2.    Bunk Bed and Tier Assignment Claims

Plaintiff claims that he was subjected to cruel and unusual punishment by being assigned to an upper tier cell and an upper bunk bed while being treated for his medical conditions.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  See Farmer, 511 U.S.

at 834.  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  See id.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted).  "The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Patterson v. County of San Diego, 2010 WL 3957398 *3 (S.D.Cal., 2010) (quoting Farmer, 511 U.S. at 834).

To reach deliberate indifference, a plaintiff must show "that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk." Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

Plaintiff fails to allege facts sufficient to show that an upper tier cell assignment and an upper bunk bed assignment posed a threat to his health or safety.  He  fails to allege that Defendants had knowledge of or were aware of any risk posed to him by these assignments. As far as the Court can determine, Plaintiff mentioned to staff several times that he wanted a lower tier/lower bunk bed assignment, but he did not formalize his request in writing, nor did any doctor prescribe it until after his surgery.  Thus, the Court finds that Plaintiff has failed to state a claim in this regard.  The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient true facts which, if they exist, may state

9

1  such a claim.

2      **B.     Personal Participation By Defendants**

3      Under section 1983, Plaintiff must demonstrate that each defendant personally

4  participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

5  2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely

6  and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 129 S.Ct. at

7  1949. "Government officials may not be held liable for the unconstitutional conduct of their

8  subordinates under a theory of respondeat superior."  Id. at 1948.  Rather, each

9  government official, regardless of his or her title, is only liable for his or her own

10 misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or

11 her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948-49.

12      When examining the issue of supervisor liability, it is clear that the supervisors are

13 not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez,

14 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal.

15 2004).  In order to establish liability against a supervisor, a plaintiff must allege facts

16 demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient

17 causal connection between the supervisor's wrongful conduct and the constitutional

18 violation.  Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892.  The sufficient causal

19 connection may be shown by evidence that the supervisor implemented a policy so

20 deficient that the policy itself is a repudiation of constitutional rights.  Wesley, 333

21 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general

22 responsibility for supervising the operations of a prison is insufficient to establish personal

23 involvement.  Id. (internal quotations omitted).

Supervisor liability under section 1983 is a form of direct liability.   <u>Munoz v. Kolender</u>, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).   Under direct liability, Plaintiff must show that each particular defendant breached a duty to him and that such breach was the proximate cause of his injury.   <u>Id.</u>   "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"   <u>Id.</u> (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff claims that his allegations are sufficient to establish a casual connection between Defendants Clark, Bzockie, and Enenmoh as supervisors of the employees who actually deprived him of his constitutional rights.   He alleges that the supervisory Defendants knew or should have known of the dangers posed to Plaintiff through the lack of supervision of medical care, and that Defendants were deliberately indifferent to these dangers.   He argues that Defendants did not adequately train or supervise the medical staff or the care they provided at the prison.   Plaintiff fails to allege any facts demonstrating that Defendants Enenmoh or Zong  personally acted in any manner to violate his rights; neither are mentioned in Plaintiff's factual description of events.

Plaintiff makes these allegations of knowledge and deliberate indifference without offering any facts which might support his allegations.   "'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements,"' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth."   <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009) (quoting <u>Iqbal</u>, 126 S.Ct. at 1951).   "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state

11

a legal conclusion— even if that conclusion is cast in the form of a factual allegation." Moss, 572 F.3d at 969.

The Court will give Plaintiff leave to amend his claim and attempt to set forth such facts, if they exist, to state such a claim.  In his amended complaint, Plaintiff must specifically link each named Defendants to an action or omission which violated his constitutional rights.

## C.   Relief Request

Plaintiff requests a statement from the Court that "Defendant Clark, Bzockie and Enenmoh's failure to take action to curb the denial of adequate medical treatment and care" to Plaintiff violated his Eighth Amendment rights, and another statement that "Defendant Zong's, Salmi's and Beregovskaya's actions in failing to provide adequate examinations, provide medications, make referral for emergency surgery, provide follow up care after surgery, make referral/request that Plaintiff be housed on a lower tier/lower bunk" violated his Eighth Amendment rights.

A judgement in favor of Plaintiff would necessarily constitute a judicial pronouncement that Defendants were liable for violating his rights.  If Plaintiff is asking for something more, it appears it would be in the nature of a request for an unspecified equitable remedy.

"Where a prisoner has been released from prison, his claims for injunctive relief based on the conditions of his incarceration must be dismissed as moot." Pugh v. Goord, 571 F.Supp.2d 477, 489 (S.D.N.Y. 2008).  It appears Plaintiff's claim in this regard, to the extent seeking more than judgement in his favor,  was rendered moot upon his release from prison.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief may be granted under section 1983 against any of the defendants.  Having notified Plaintiff of the deficiencies in his Complaint, the Court will provide Plaintiff with time to file an amended complaint to address these deficiencies.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

In his amended complaint, Plaintiff must demonstrate how the conditions complained of resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend his complaint, it is not for the purpose of adding new defendants or claims.  Plaintiff should focus the amended complaint on events described in his initial complaint and the defendants named in the initial complaint.

Finally, Plaintiff is advised that the Local Rules will apply.  Specifically Plaintiff should be aware of Local Rule 220 which requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The

13

amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Local Rule 230 describes time frames and procedures Plaintiff will need to follow. Local Rule 210 describes the service of process Plaintiff will need to adhere to.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-1168-MJS (PC); and

3.    If Plaintiff fails to comply with this order, this action may be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    November 27, 2010          /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE

14