UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHARKHIAN, | CASE NO.   09-CV-01168-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| KEN CLARK, WARDEN, et al., | (ECF No. 9) |
| Defendants. | CLERK TO CLOSE CASE |

**ORDER**

I.  **PROCEDURAL HISTORY**

Plaintiff Steven Charkhian ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action July 7, 2009.  He consented to Magistrate Judge jurisdiction on August 6, 2009.  He has paid the filing fee; he is not appearing in forma pauperis.

Plaintiff's original Complaint was dismissed on November 29, 2010 for failure to state a claim upon which relief could be granted.  (ECF No. 6.)  Plaintiff filed his First Amended Complaint on March 2, 2011. (ECF No. 9.)  The Amended Complaint is before

1

the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## II.     SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.
////

## III.  SUMMARY OF COMPLAINT

In this action Plaintiff alleges a violation of his right to adequate medical care under the Eighth Amendment.  The events at issue occurred between August 2006 and April 2008 when Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff has named the following individuals as Defendants: Ken Clark, Warden of California Substance Abuse Treatment Facility/State Prison ("CSATF"); T. Bzoskie, Chief Medical Officer at CSATF; A. Enenmoh, Chief Medical Officer at CSATF; Zong, Medical Doctor at CSATF; Salmi, Medical Doctor at CSATF; and O. Beregovskaya, Medical Doctor at CSATF.

Plaintiff alleges as follows:

In August 2006, while being held in Centenela State Prison, Plaintiff was poisoned and suffered severe stomach pain.  A classification committee determined that an emergency transfer was necessary, and Plaintiff was moved to Solano State Prison to be seen by a specialist.  However, on or about September 10, 2006, the day that he was supposed to see the specialist, Plaintiff was transferred to Lancaster State Prison and then on November 2 to CSATF.  Plaintiff was suffering severe pain in his left side, chronic constipation, and symptoms of a hernia and ulcer.

Upon arrival at CSATF, Plaintiff explained his conditions to the nurse in receiving.  She advised that he would be seen by a doctor the following day.  He was then sent to housing and assigned an upper bed about which he complained to the correctional lieutenant, who informed Plaintiff the doctor would correct his bunk assignment the next day.  Plaintiff did not see a doctor the following day.  He submitted a medical care request, an inmate medical appeal to Clark, and an inmate request for interview to the Chief

3

Medical Officer. No action was taken on these requests.

On November 6, 2006, still suffering, Plaintiff filed another medical request. He did not receive a response. As of November 20, 2006, he had still not seen a doctor. He was in such pain that he could not leave his cell. On November 27, Defendant Bzoskie responded to a medical appeal filed at Lancaster by advising Plaintiff to submit another grievance. Plaintiff re-submitted his grievance for review by Clark and Enenmoh. Both denied Plaintiff's grievance.

Plaintiff requested, and was denied, pain medication on December 8, 2006. A nurse told him to submit another medical request to be seen by a doctor. On December 14, 2006, Plaintiff saw Defendant Dr. Salmi, who ordered lab work, but did not physically examine Plaintiff or review his medical records and mis-diagnosed him with heartburn and constipation. A physical exam would have revealed a golf ball-sized hernia on Plaintiff's stomach.

On January 24, 2007, Plaintiff was seen by a nurse who scheduled him to see a doctor; the doctor refused to see him. Plaintiff asked the nurse to ask the doctor for a lower tier/lower bunk bed assignment and a stomach/back brace. Both were denied.

On February 2, 2007, Plaintiff saw Dr. Salmi again and Dr. Salmi ordered Plaintiff to take fiber tablets. Plaintiff informed Dr. Salmi that the tablets did not work, requested that the doctor review his medical files, and showed Dr. Salmi the hernia. Salmi did not physically examine Plaintiff.

On March 12, 2007, Plaintiff requested emergency attention of a doctor; his request was denied. Plaintiff requested an interview with Clark and Enenmoh. He received no response. He was seen by Dr. Salmi on May 3, 2007 to discuss the results of blood work.

On July 15, 2007, Plaintiff was in severe pain, fell to the ground, had to be carried to his bed. He was given Tylenol for his pain.

During the months of July, August, and September 2007, Plaintiff filed several pieces of correspondence and multiple Inmate Request for Interview forms with the Warden and Chief Medical Officer. No response was received.

On March 8, 2008, Plaintiff was in severe pain and saw Defendant Dr. Beregovskaya, who scheduled him for surgical repair of three hernias. The surgery occurred March 24, 2008. Plaintiff was released from the hospital and returned to CSATF March 28, 2008. He was not examined upon his return. He was assigned to a middle bunk in an upper tier, both of which caused severe pain due to the staples used to close his surgical incision. He requested pain medication and different housing and bed accommodations.

On March 31, 2008, Plaintiff filed another medical complaint. Pain medication and a medical chrono for a lower tier and lower bunk were refused.

On April 17, 2008, in response to one of his multiple complaints, Plaintiff was interviewed by Dr. Beregovskaya who ordered pain medication and a lower bunk bed assignment.

Plaintiff has since been released from prison. He claims that he continues and will continue to suffer physical and emotional damages. He requests monetary compensation and a declaratory judgment.

### III. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or

> causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

6

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

The Court is is unable to find that Plaintiff has stated or can state a claim against any named Defendant.

Plaintiff alleges that he saw Dr. Salmi several times but was never physically examined by him. On December 14, 2006, Dr. Salmi diagnosed Plaintiff with heartburn and constipation and on February 2, 2007, prescribed fiber tablets for him. On May 3, 2007, Dr. Salmi discussed Plaintiff's blood work results with Plaintiff. Attachments to Plaintiff's Amended Complaint indicate Salmi saw Plaintiff on March 16, 2007 (a date which Plaintiff omitted), and requested that Plaintiff be evaluated by a general surgeon. (ECF No. 9, p. 32; Pl.'s Am. Compl. Ex. B.) The surgeon recommended surgery for the hernias. However, Defendant Zong decided that surgery was not necessary at that time.

Thus, it appears that Plaintiff regularly received medical attention throughout the above period. Clearly, as noted in the original Screening Order, he disagrees with the course of treatment followed. However, also as the Court previously noted, such a disagreement can not support a Section 1983 claim. Plaintiff has added nothing that would create a claim against Defendant doctors Salmi or Zong.

Plaintiff attributes no constitutional violation to Defendants Clark, Bzoskie, or Enenmoh other than that they failed to respond to his grievances and complaints. A prison's grievance process "is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). An improperly processed inmate grievance does not give rise to a protected liberty interest that implicates the protections of the Fourteenth Amendment. See Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, even if Plaintiff is able to prove that his constitutional rights were violated, he does not have a cause of action against those persons whose only involvement in the constitutional violation was to reject his inmate appeal. "A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard

who rejects an administrative complaint about a completed action of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, Plaintiff has failed to state a cause of action against Defendants Clark, Bzoskie, and Enenmoh.

Plaintiff had surgery March 24, 2008, and was released back to prison March 28, 2008 with, according to Plaintiff, physician's orders that he be given pain medication and other accommodations. He states that he was not examined by any medical staff after he returned to prison and that Defendant Beregovskaya repeatedly denied him pain medication and a lower bunk or a lower tier. However, attachments to Plaintiff's Amended Complaint indicate otherwise.[1] One attachment states that Plaintiff was interviewed by Beregovskaya on April 17, 2008 pursuant to one of his many grievances and complaints. (ECF No. 9 p. 35; Pl.'s Am. Compl. Ex. C, p. 2.) She found that a lower bunk was medically indicated and issued him a lower bunk chrono. (Id.) It further states that Plaintiff was receiving over-the-counter pain medication. (Id. at p. 1.) Finally it indicates that Plaintiff never had to sleep on his middle bunk assignment post-surgery. (Id. at p. 2.)

Again, Plaintiff appears simply to be asserting a difference of opinion regarding the type of pain medication received and, perhaps, negligence in the failure to provide proper accommodation. Neither claim can sustain an Eighth Amendment violation claim. As pleaded, the Amended Complaint again fails to allege Beregovskaya's deliberate indifference to Plaintiff's post-surgery medical needs.

Plaintiff was previously notified of the relevant legal standards and the deficiencies in his original complaint. His Amended Complaint contains more detail and some

---

[1] A Court may disregard factual allegations that are contradicted by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

9

statements contradicted by his own attachments, but no allegations materially different than those contained in his previous complaint. The Amended Complaint again fails to state a claim against any named Defendant.  It  will be dismissed.

Moreover, no useful purpose would be served by issuing another order pointing out again the legal standards applicable to claims such as those Plaintiff purports to assert. No  useful purpose would be served by again noting the same deficiencies in this pleading as were pointed out in the Court's previous order.  Essentially all that the Court properly could advise Plaintiff about adequately pleading his case was presented before to no avail. Accordingly, this case will be dismissed without further leave to amend

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, here Plaintiff received substantial guidance from the Court in its original Screening Order.  (ECF Nos. 1 & 6.)  Even with such guidance, Plaintiff failed to make modifications or include additional facts correcting the noted deficiencies.  The Court can only conclude that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend be denied.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim

1  upon which relief may be granted.

3  IT IS SO ORDERED.

5  Dated:   March 19, 2011                    /s/ *Michael J. Seng*
6  ci4d6                                UNITED STATES MAGISTRATE JUDGE